### BENET v. THE GENERAL M. L. HERSEY et al.

#### Adm. No. 19641.

United States District Court
E. D. New York.
June 29, 1953.

Jacob Rassner, by Herman N. Rabson, New York City, for libelant.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for respondent.

BRUCHHAUSEN, District Judge.

This is a motion for an order dismissing the above action for lack of jurisdiction.

Antonio Pedro Benet was a civilian employee aboard the United States Naval Transport, General M. L. Hersey. He was injured while aboard and brings an action under the Public Vessels Act, Title 46 U.S.C.A. The government moves to dismiss on the grounds that the exclusive remedy is the Federal Employees' Compensation Act.

This was the exact question presented in Johansen v. United States, 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051. In that case a civilian crew member of an Army trans-port filed a libel against the United States under the Public Vessels Act and it was dismissed on the grounds that the exclusive remedy was under the Federal Employees' Compensation Act, 5 U.S.C.A. § 751 et seq. The Court squarely held, 343 U.S. page 441, 72 S.Ct. page 857:

"All in all we are convinced that the Federal Employees Compensation Act is the exclusive remedy for civilian seamen on public vessels. As the Government has created a comprehensive system to award payments for injuries, it should not be held to have made exceptions to that system without specific legislation to that effect."

Counsel for libelant cites American Stevedores, Inc., v. Porello, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 and Canadian Aviator, Ltd. v. United States, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901 in support of the libel while as a matter of law the relative positions of these cases in the legislative history of the field were discussed in the Johansen case, supra, 343 U.S. at page 431, 72 S.Ct. at page 852. With respect to the Public Vessels Act, the Court said 343 U.S. at page 431, 72 S.Ct. at page 852:

"This general language, however, must be read in the light of the central purpose of the Act, as derived from the legislative history of the Act and the surrounding circumstances of its enactment. The history of the Act has already been set forth in some detail in the Porello and Canadian Aviator cases cited above. It is sufficient here to recall that this Act was one of a number of statutes which attest 'to the growing feeling of Congress that the United States should put aside its sovereign armor in cases where federal employees have tortiously caused personal injury or property damage.' 330 U.S. at page 453, 67 S.Ct. at page 851. These enactments were not usually directed toward cases where the United States had already put aside its sovereign armor, granting relief in other forms. With such a legislative history, one

hesitates to reach a conclusion as to the meaning of the Act by adoption of a possible interpretation through a literal application of the words. Nor is the legislative history of the Act helpful. We are cited to no evidence that any member of Congress in 1925 contemplated that this Act might be thought to confer additional rights on claimants entitled to the benefits of the Federal Employees Compensation Act of 1916. Surely the lack of such evidence is not helpful to petitioners' case; the most that can be said of it is that Congress did not specifically exclude such claimants from the coverage of the Public Vessels Act."

In any event, the dissent showed specifically a disagreement with the majority on this precise point as to the evidence of Congressional intent, and the relationship of the Acts. The dissenting opinion, 343 U.S. page 443, 72 S.Ct. page 859, ended with these words:

"I do not think this Court should deprive these seamen of rights which the Congress of 1925 gave them and the Congress of 1949 refused to take away."

The Johansen case is controlling. The motion is granted and the libel dismissed.